# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2011

No. 10-40154
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WALTER AGUILAR-QUEVEDO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-484-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Walter Aguilar-Quevedo appeals his convictions for possession with intent to distribute more than 1,000 kilograms of marijuana and for conspiracy to engage in the same crime. Aguilar-Quevedo argues that the evidence was insufficient to support his convictions. Specifically, he asserts that the government presented circumstantial evidence of his knowledge of the conspiracy and the marijuana. He contends the government's case was based only on speculation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40154

The standard of review in assessing the sufficiency challenge is "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000). Direct and circumstantial evidence are weighed equally, and it is not necessary that the evidence exclude every reasonable hypothesis of innocence. *Id.* "All credibility determinations and reasonable inferences are to be resolved in favor of the verdict." *United States v. Resio-Trejo*, 45 F.3d 907, 911 (5th Cir. 1995).

To prove that Aguilar-Quevedo committed this crime of conspiracy, the government was required to show (1) an agreement with another person to possess with the intent to distribute a controlled substance, (2) Aguilar-Quevedo's knowledge of the agreement, and (3) his voluntary participation in the conspiracy. *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008). A conspirator's knowledge and intent may be demonstrated with circumstantial evidence; the defendant need not have known all of the details of the conspiracy. *United States v. Judd*, 889 F.2d 1410, 1415 (5th Cir. 1989).

To establish this offense of possession with the intent to distribute, the government had to prove beyond a reasonable doubt that Aguilar (1) had knowledge of the controlled substance, (2) had possession of it, and (3) had the intent to distribute it. *See United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001). "The knowledge element in a possession case can rarely be established by direct evidence." *United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008) (quotation marks and citation omitted). "A jury may infer knowledge from the defendant's control over a vehicle containing contraband unless the drugs are hidden in compartments, in which case proof of the defendant's knowledge depends on inference and circumstantial evidence." *United States v. Garcia-Flores*, 246 F.3d 451, 454 (5th Cir. 2001).

2

No. 10-40154

There was evidence here that Aguilar-Quevedo was nervous. When the canine handler was walking his dog around the 18-wheeler truck, Aguilar-Quevedo's hands were shaking, he was speaking in a quiet tone, and he was shifting uncomfortably in his seat. Aguilar-Quevedo informed Agent Griffith during questioning that he was responsible for all items in the truck. He also provided inconsistent statements to Agent Ramirez and Agent Griffith. His statements conflicted with the time records of Chip Berry Produce and with the weight receipts from the truck stop.

Henry Munoz was a passenger in Aguilar-Quevedo's truck when the marijuana was discovered. His testimony was inconsistent with Aguilar-Quevedo's statements. Additionally, Munoz's explanations of the events and the purported plan to transport the marijuana were implausible. Moreover, Aguilar-Quevedo was in physical possession of the 18-wheeler truck, which contained approximately 2,600 pounds of marijuana. This amount of marijuana was sufficiently large for the jury to infer that Aguilar-Quevedo would not have been entrusted with it without being a part of the conspiracy. *See United States v. White,* 219 F.3d 442, 447-48 (5th Cir. 2000). The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Aguilar-Quevedo had knowledge of the conspiracy and the drugs in his possession. *See id.* His argument is without merit.

Accordingly, the judgment of the district court is AFFIRMED.